(No. 3650—

ELBERT C. DAVIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

KENNETH E. MOSS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed October 25, 1941, for benefits under the Illinois Workmen's Compensation Act for permanent partial loss of the use of claimant's left arm. Claim is based on injuries sustained by claimant, alleged to have arisen out of and in the course of his employment as a laborer employed by the Department of Public Works and Buildings, State of Illinois.

Claimant seeks an award.in the sum of Nine Hundred Eighty-eight Dollars and Eighty-seven Cents ($988.87) for the permanent loss of fifty (50) per cent use of his left arm.

The record consists of the complaint, report of the Division of Highways, transcript of testimony, and statement, brief and argument by respective counsel.

The facts are not in dispute, the claim was filed in apt time, and no jurisdictional questions are involved.

The only question presented for decision is the extent of disability suffered by claimant.

There is some disagreement in the testimony as to the disability suffered by claimant. He was last examined by Dr. Henry B. Thomas, a renowned orthopedic surgeon, who testified:

Q. "Now, you stated that he had a disability of 25%, in your opinion, on June 24, 1942, is that correct?

A. I did.

Q. And you think at the present time his disability is that percentage?

A. I believe it is less than that, but I am willing to give that as the percentage, because I think he is not a malingerer, but I think he has a hysteria as far as that arm goes.

Q. That is only just a mere guess on your part. You are not absolutely sure that is hysteria.

A. It is not so much a guess with me, because I have spent fifty years doing this stuff and my opinions in regard to what will happen to them is influenced a great deal by what I have seen of many pa-

tients after I have given my opinions. I would not call it a guess. I think it is an opinion of an experienced person."

From all of the evidence, we feel that the maximum disability suffered by claimant was twenty-five (25) per cent loss of the use of the left arm.

Section 8, Subsection (e-13) of the Workmen's Compensation Act, provides for the loss of an arm or the permanent and complete loss of its use, fifty (50) per cent of the average weekly wage during two hundred twenty-five (225) weeks, which award shall be increased ten (10) per cent for injuries occurring on and after July 1, 1939 (Subsection 1).

Claimant had no children under the age of sixteen (16) years at the time the injury occurred.

All medical charges and temporary total disability have been paid.

Claimant was employed as a laborer at a wage rate of fifty (50) cents per hour, and employees engaged in a similar capacity were employed less than two hundred (200) days per year. Fifty (50) per cent of claimant's average wage is, therefore, $7.70, to be increased ten (10) per cent, or $8.47 per week. This amount multiplied by 225 weeks equals $1,905.85, 25% of which amounts to $476.44, which sum claimant is entitled to have and receive from respondent, all of which has accrued at this time.

An award is entered in favor of claimant in the sum of $476.44.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.